DECISION
The sole issue presented by this administrative appeal is whether or not an applicant for registration by endorsement as a professional engineer pursuant to G.L. 1956 (1995 Reenactment)§ 5-8-11-(b)(1)(i)(A) must satisfy' the experience requirements set out in § 5-8-11(b)(1)(iii) in order to be registered in Rhode Island.
The parties agree that the plaintiff was registered as a professional engineer in the Commonwealth of Massachusetts on August 23, 1996.
The plaintiff argues that he was then immediately entitled to registration in Rhode Island pursuant to § 5-8-11(b)(1)(i)(A)
"without further examination."
The defendant contends that, although the plaintiff does not need to take any further examination, his qualifications must meet the requirements of Chapter 5-8 of the general laws in order to be registered pursuant to that section. It further says that, because the plaintiff was a graduate of an engineering curriculum "other than those approved by the board as being of satisfactory standing," he must satisfy both the four-year experience requirement of § 5-8-11(b)(iii) and the two-year requirement of § 5-8-11(b)(2)(ii) in order that his qualifications will meet the requirements of the chapter. In short, the defendant argues that an applicant for-registration by endorsement through out-of-state certification must nonetheless satisfy the experience requirements of the other sub-parts of the section which pertain to qualification by education, experience and examination. All that the endorsement path to registration accomplishes for an applicant is to relieve the applicant of the examinations but not the engineering education and experience requirements.
The defendant urges the Court to construe the language "whose qualifications meets (sic) the requirements of this chapter" to include among those requirements the engineering experience otherwise required by the section. The plaintiff graduated from a non-accredited curriculum. According to the defendant, he must, therefore, undergo two periods of engineering experience. First, he must satisfy a two-year period of approved experience under§ 5-8-11(b)(2)(ii) before he can be certified and enrolled as an engineer-in-training. Then, he must satisfy an additional four-year period as an engineer-in-training under §5-8-11(b)(1)(iii). The total experience the board requires for registration of an out-of-state registered engineer is either four years or six years, depending on the school the applicant graduated from.
This Court will defer to the agency's construction of a statute, the enforcement of which is in the agency's charge, where the construction is reasonable and consonant with the general scheme of regulation in the statute, and not clearly wrong. See, Asadorian v. Warwick School Committee, 691 A.2d 573, 577 (R.I. 1997). The defendant has seen fit to protect the public of this state from fully qualified engineers from other states who have not satisfied an approved engineering experience requirement. Although the Court has no reference to any reasoning which supports this unusual requirement, the board's construction is not so arbitrary and capricious that it must be rejected.
The plaintiff has offered to prove that he has engaged in engineering work for several years, most of which must have preceded and not followed his graduation in May 1994 from the non-accredited curriculum and his passage of a preliminary examination in October 1994. That experience has been reasonably discounted by the defendant board.
The plaintiff suggests that the expression "whose qualifications meets (sic) the requirements of this chapter" refers only to the provisions of § 5-8-11(a) pertaining to "good character and reputation," which the defendant concedes have been satisfied by the plaintiff. That construction is reasonable and plausible, but so is the defendant's. For the Court to substitute its preference for that of the defendant would be to fail to accord the defendant board the deference to which it is entitled.
Accordingly, the decision of the defendant is affirmed. The plaintiffs complaint is denied and dismissed. The defendant will present a form of judgment for entry on reasonable notice to the plaintiff.